**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AUTOTEL et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> NEVADA BELL TELEPHONE CO., d.b.a. ) <br> AT&T OF NEVADA, f.k.a. SBC, ) <br> ) <br>     Defendant. ) <br>_____ ) | 2:07-cv-01423-RCJ-GWF <br><br> **ORDER** |

This case arises out of alleged violations of the Telecommunications Act of 1996 (the "Act"). Pending before the Court is a Motion to Close the Case and for Attorney's Fees (ECF No. 89). For the reasons given herein, the Court grants the motion in part.

**I.    PROCEDURAL HISTORY**

Plaintiffs Autotel and Richard L. Oberdorfer sued Defendant Nevada Bell Telephone Co., d.b.a. AT&T of Nevada, f.k.a. SBC ("AT&T") in this Court for allegedly failing to negotiate to provide telecommunications interconnection, as required under the Act. (*See* Compl., Oct. 25, 2007, ECF No. 1). The First Amended Complaint ("FAC") listed three causes of action: (1) Failure to Negotiate in Good Faith, 47 U.S.C. §§ 251(c), 252(a); (2) Failure to Connect on an Interim Basis, § 251(a); and (3) Overcharges, 47 U.S.C. § 415(c). (*See* First Am. Compl., May 27, 2008, ECF No. 30). Defendant counterclaimed for an untitled cause of action that appears to sound in unjust enrichment, i.e., failure to pay a bill due and owing for services rendered. (*See* Countercl., July 9,

2008, ECF No. 34).

Judge Edward C. Reed granted a motion to dismiss Plaintiffs' first cause of action because Plaintiffs had failed to exhaust the claim with the state utilities commission, as required by the Act. (*See* Order 6–9, Jan. 30, 2009, ECF No. 47). Judge Reed then granted summary judgment against Plaintiffs' second claim, because: (1) it was undisputed that Autotel had an existing connection to AT&T's local network during the relevant time period, and the Code of Federal Regulations made clear that no refusal-to-provide-an-interim-connection claim lied under such circumstances; (2) the only "disconnection" for which there was any evidence was the disconnection of a test line, not a line for customer traffic; and (3) the claim was barred by the statute of limitations. (*See* Summ. J. Order 11–15, Nov. 19, 2009, ECF No. 71). Judge Reed denied summary judgment as against the third claim, because it was undisputed that AT&T had continued to charge Autotel tariff-based rates for traffic not subject to access charges, which was prohibited by the regulations. (*See id.* 16). The parties then stipulated to dismiss the remaining claims, i.e., the third cause of action and the single counterclaim, "with prejudice and without costs," with the provision that Plaintiffs could appeal as to the first and second causes of action. (*See* Stip. Mar. 5, 2010, ECF No. 78).

Plaintiffs appealed. The Court of Appeals affirmed but remanded for the District Court "to consider what, if any, relief is available to Autotel under 47 C.F.R. § 51.717." *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 848, 853 n.4 (9th Cir. 2012). The Court of Appeals directed this Court to determine "whether Autotel adequately pled a claim for relief under § 51.717 and, if so, for further proceedings as appropriate." *Id.* at 857. Defendants have asked the Court to close the case and to award attorney's fees.

## II.    DISCUSSION

The sole reference to 47 C.F.R. § 51.717 in the FAC is as follows: "As a result of the failure of AT&T to negotiate in good faith, plaintiff has suffered . . . damages . . . from AT&T's refusal to pay reciprocal compensation as required by 47 C.F.R. § 51.717(b) . . . ." (First Am. Compl. ¶ 31). Defendant argues that Autotel asserted no § 51.717 claim in the FAC, and that even if it had meant to, the claim was encompassed via a Settlement Agreement (the "SA").

The Court will address the settlement issue first. The relevant provision of the SA, which the

2

parties executed just before they filed their stipulated dismissal of the third cause of action and the counterclaim, reads:

> With the exception of Plaintiffs' First and Second Causes of Action, Autotel and Richard Oberdorfer release AT&T Nevada from any and all past and present causes of action, claims, rights and liabilities, known or unknown, statutory or at common law, including claims for costs, expenses, or attorney's fees, related in any way to the facts alleged in [the present case]. Autotel and Richard Oberdorfer understand that this is a total and complete release by them of all claims which [it has] or may have against AT&T Nevada, both known or unknown, arising on or before the date this Agreement is executed, other than the First and Second Causes of Action, even though there may be facts which are unknown to Autotel and Richard Oberdorfer at this time.

(SA 2 ¶ 14, Mar. 2, 2010, ECF No. 89-1). It is frankly a very difficult question whether the release clause prevents the § 51.717 claim. It is not so clear, as Defendants argue, that the SA encompasses the § 51.717 claim, because the release clause explicitly carves out the first and second causes of action, and Plaintiffs made the potential § 51.717 claim under the first cause of action. This says nothing of whether the FAC sufficiently makes out a § 51.717 claim, but if it does, the claim could conceivably fall within the carve-out. On the other hand, the fact that the potential § 51.717 claim was made under the first cause of action does not necessarily mean it fits within the carve-out, either. Causes of action as enumerated by plaintiffs often in reality contain more than one cause of action or more than one legal theory under a single cause of action. The question is: did the parties intend "First and Second Causes of Action" to mean only those claims actually litigated in this Court, or did they intend it to include any claim that could plausibly be implied from those causes of action as pled, regardless of whether they were actually litigated? Although the latter interpretation is possible, the former interpretation is more likely. The parties almost certainly meant by "First and Second Causes of Action" only those claims as litigated and appealed. The SA is extremely broad, and the parties almost certainly intended the carve-out to mean only that the SA would not affect Plaintiffs' ability to continue to appeal this Court's rulings on the first and second causes of action. The point of the release clause was that Defendants would not expect to have to litigate new claims or issues theretofore not encountered and arising out of the same facts, but rather would only have to litigate the appeal of the already adjudicated issues under the first two causes of action. The Court of Appeals itself noted that Plaintiffs addressed the regulation only one time in their briefing on appeal, and that was not enough to even preserve the issue for appeal. *See Autotel*, 697 F.3d at 857 n.9. The

1  Court therefore rules that the release clause prevents a § 51.717 claim at this point.

2        The Court also examines whether Plaintiffs sufficiently made out a § 51.717 claim in the FAC and finds that they did not.  The § 51.717 issue is buried within the first cause of action, which is entitled "Failure to Negotiate in Good Faith, 47 U.S.C. §§ 251(c) & 252(A)."  The § 51.717 claim could have been preserved as a separate claim, despite Plaintiffs' failure to plead it as such, if Plaintiffs had at least attempted to litigate it as such, but they did not.  The Court never addressed it, and Plaintiffs never complained of the Court's failure to address it via motion for reconsideration or otherwise.  Plaintiffs mentioned the regulation once in their opposition to Defendant's motion to dismiss and twice in their opposition to Defendant's motion for summary judgment.  (*See* Resp. Mot. Dismiss 7, Jan. 1, 2008, ECF No. 15; Opp'n Mot. Summ. J. 5, 21, June 24, 2009, ECF No. 61).  The Court was therefore correct not to perceive any such claim.  This is not to say that no such claim could exist under the facts, but the Court finds that no such claim was made or litigated.  The Court therefore grants Defendant's request to close the case.

      Defendant next asks for $2974.40 in attorney's fees related to litigating the present motion.  Defendant attaches the email communications between the parties indicating that Defendant communicated its position to Autotel that opposition to closing the case would be frivolous, and that it would move for attorney's fees if it had to litigate the issue.  Also, the SA provides for mandatory attorney's fees "[i]n any action to construe or enforce the terms of this Agreement."  (SA 3 ¶ 19).  The Court grants the motion in part.  Five and a half hours is reasonable, but $540.80/hr is not.  This is an exorbitant rate for relatively simple legal work.  The Court awards fees at a rate of $200/hr for this work, for a total of $1100.

      The Court rejects Plaintiffs' argument that the fees provision of the SA does not apply because only the third cause of action was settled.  The SA clearly mandates fees in any action requiring its own interpretation.  Because the Court was required to interpret the SA here as to the scope of the release clause, the fee-shifting provision applies.

///

///

///

4

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Close the Case and for Attorney's Fees (ECF No. 89) is GRANTED IN PART. The case has already been closed administratively. The Court notes that no further claims are pending for which to reopen the case. Attorney's fees are awarded in the amount of $1100.

IT IS SO ORDERED.

DATED: This 11th day of December, 2013.

_____
ROBERT C. JONES
United States District Judge